IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. |
| $33,995.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Amy B. Blackburn, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

## THE DEFENDANT IN REM

2. The defendant property consists of the following property that law enforcement seized from Jose Aguayo-Rodriguez on September 2, 2015, pursuant to a vehicle stop at 18th and State in Kansas City, Kansas. It is presently in the custody of the United States Marshals Service in Topeka, Kansas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under

28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property 1) pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district 1) pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Beginning about March 2015, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the United States Department of Homeland Security Investigations (HSI), and the Kansas City, Missouri Police Department, (KCPD) began an investigation into a drug conspiracy involving Demond ROBINS, Jose A. Aguayo-RODRIGUEZ, and others.

8. On September 1, 2015, KCPD Detective Robert Guffy was monitoring pole cameras around ROBINS' house in Kansas City, Missouri. They saw a white Ford pickup truck with Missouri plates arrive, and witnessed a man later identified as RODRIGUEZ enter the house, then leave with a bucket.

2

9. On September 2, 2015, Detective Guffey again observed RODRIGUEZ arrive in the same white Ford pickup and park in front of ROBINS' residence and again left the house with a bucket.

10. Detective Guffey provided this information to pre-positioned surveillance units, who initiated a surveillance on the truck as it left the residence. Surveillance units followed the truck, which subsequently drove westbound onto Interstate 70 in Kansas. The truck exited on the 18th Street Traffic Way in Kansas City, Kansas and drove northbound. At this point, investigators requested assistance from Kansas City, Kansas Police Officers who responded to the area.

11. Kansas City, Kansas Officer James conducted a traffic stop of the white Ford pickup truck at 18th Street Traffic Way in Kansas City, Kansas. As RODRIGUEZ was exiting the truck, Officer James saw what appeared to be a small metal drug pipe. Officer James called a K-9 unit and the dog alerted under the driver's seat and near the five-gallon bucket on the passenger side floorboard. A .22 caliber revolver was found under the driver's seat. In the bucket was a false compartment, in which Officers James and Lee found the defendant $33,995.00 in United States currency.

12. Special Agents Steven Lester and Charles Backer arrived at the scene and recovered the gun and the $33,995.00 in United States currency.

13. Special Agents Steven Lester and Charles Backer transported RODRIGUEZ to KCKPD Headquarters.

14. On September 2, 2015, Special Agents Steven Lester and Charles Backer conducted an interview with RODRIGUEZ. In a *Miranda* interview, RODRIGUEZ admitted picking the money up from ROBINS, stating he was on his way to obtain a kilogram of cocaine for ROBINS when he was stopped by police.

3

RODRIGUEZ also admitted this was the third time that he had gone to pick up a kilo of cocaine for pick up a kilo of cocaine for ROBINS.

15. In order to ensure that ROBINS did not suspect RODRIGUEZ was cooperating with police, law enforcement arranged for RODRIGUEZ to return the money to ROBINS, telling him the cocaine source did not currently have product.

16. During this monitored transaction, ROBINS refused to accept the cash back from RODRIGUEZ.

17. Subsequently, in another interview on September 23, 2015, Special Agent Lester, Detective Guffey, and Special Agent Covarrubias with Homeland Security Investigation met with RODRIGUEZ.

18. RODRIGUEZ explained he had not been entirely truthful during the first interview on September 2, 2015. RODRIGUEZ admitted that on the day he was arrested, he had actually just delivered one kilogram of powder cocaine to ROBINS, and the $33,995.00 in United States currency was payment for that delivery. RODRIGUEZ also admitted he lied in an attempt to minimize his role. RODRIGUEZ said he worked for Jesus Hector Torres, the owner of Jaz Auto Shop in Kansas City, Kansas.

19. RODRIGUEZ said that Hector told him [RODRIGUEZ] that he [Hector] had been out of cocaine for the last four months. Hector said he told RODRIGUEZ he did not owe him for the money the police took, and would pay him additional money to not talk to the police about Hector's operation.

20. RODRIGUEZ admitted he has made kilogram deliveries to other individuals.

21. On November 16, 2016, Jose Aguayo-RODRIGUEZ and other co-defendants were indicted in a Superseding Indictment in the Western District of

4

Missouri for conspiracy to distribute 500 grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841 and 846. *See United States v. Jonathan Villegas-Escobar, et al.,* Case No. 15-00387-CR-W-GAF (W.D. Mo.)

22. On January 19, 2017, RODRIGUEZ plead guilty to conspiracy to distribute cocaine. (Doc. 53.)

23. On June 1, 2017, the Honorable Gary A. Fenner sentenced RODRIGUEZ to 36 months incarceration. (Doc. 79.)

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF

24. Plaintiff repeats and incorporates by reference the paragraphs above.

25. By the foregoing and other acts, the defendant $33,995.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

26. Plaintiff repeats and incorporates by reference the paragraphs above.

27. By the foregoing and other acts, the defendant $33,995.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

28. Plaintiff repeats and incorporates by reference the paragraphs above.

29. By the foregoing and other acts, the defendant $33,995.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the Court award the United States its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Timothy A. Garisson
United States Attorney

By: */s/ Amy B. Blackburn*
Amy B. Blackburn, MO #48222
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: amy.blackburn@usdoj.gov

6

# VERIFICATION

I, Special Agent Steven L. Lester, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs seven through twenty of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated   9/10/18                    /s/ Steven L. Lester
                                                   Steven L. Lester
                                                   Special Agent
                                                   United States Bureau of Alcohol,
                                                 Tobacco, Firearms, and Explosives

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Jackson County

**Defendant(s):**
First Listed Defendant:
$33,995.00 in United States Currency ;
**County of Residence:** Jackson County

**County Where Claim For Relief Arose:** Jackson County

**Plaintiff's Attorney(s):**
Assistant United States Attorney Amy B. Blackburn ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** amy.blackburn@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3)

money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** Amy B. Blackburn

**Date:** 9/11/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.